**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| VANE MINERALS (US), LLC,<br><br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br><br>Defendant | No. 12-646<br><br>Judge Susan G. Braden |

**UNITED STATES' REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division


GREGORY DANIEL PAGE
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-0663
Telephone: (202) 305-0446
Facsimile: (202) 305-0506
Gregory.Page@usdoj.gov

***Attorneys for Defendant***

## TABLE OF CONTENTS

I.  INTRODUCTION ...................................................................................................1

II.  ARGUMENT .......................................................................................................4

    A.  28 U.S.C. § 1500 PRECLUDES JURISDICTION IN THIS COURT ...................4

    B.  THIS COURT ALSO LACKS JURISDICTION BECAUSE PLAINTIFF'S
    CLAIMS ARE NOT RIPE UNDER THE FIFTH AMENDMENT .......................6

        1.  Lacking the Mineral Examination Required for Interior and Forest
        Service Lands, Plaintiff Cannot Show that Its Mining Claims Are
        Compensable Property Interests ................................................................6

        2.  Lacking a Proposed Plan of Operations, a Mineral Examination, and
        A VER Decision, Plaintiff Cannot Establish that the United States
        Took Its Alleged Property with an Authorized Agency Action .................9

        3.  Holding that his Court Lacks Jurisdiction Because Plaintiff's Claims
        Are Not Yet Ripe Would Advance Judicial Economy Without
        Occasioning Appreciable Hardship ..........................................................10

III.  CONCLUSION....................................................................................................13

## I.      INTRODUCTION

In its Response to Motion to Dismiss ("Response"), plaintiff has raised arguments and either admitted or not disputed facts that demonstrate this Court lacks subject matter jurisdiction on two grounds.  First, plaintiff admits the United States is "correct" that 28 U.S.C. § 1500 precludes this Court's jurisdiction because, at the time plaintiff filed its complaint in this Court, it had claims pending in district court that arose "from the same operative facts."  Response at 8. However, plaintiff argues that it may assert and create jurisdiction in this case where none had existed before because it has now withdrawn its federal district court claim.  *Id*. at 9.

Plaintiff errs.  Jurisdictional determinations under 28 U.S.C. § 1500, like other jurisdictional decisions, are predicated on the particular facts and events that existed when plaintiff first filed its complaint in this Court.  *Cent. Pines Land Co., L.L.C. v. United States*, 697 F.3d 1360, 1365 (Fed. Cir. 2012).  Therefore, regardless of plaintiff's decision to dismiss its district court lawsuit thereafter, "there is no jurisdiction, period [in the Court of Federal Claims], even if the conflicting claim is no longer pending when a motion to dismiss is brought or considered by [this Court]."  *UNR Indus., Inc. v. United States*, 962 F.2d 1013, 1021 (Fed. Cir. 1992), *aff'd sub nom. Keene Corp. v. United States*, 508 U.S. 200, 207 (1993).

Second, plaintiff premises its argument that this case is ripe on repeated assertions that the withdrawal order by which the United States withdrew the federal lands at issue from mining location and entry under the Mining Law is a "final administrative decision."  Response at 1, 9. However, this withdrawal order's finality is irrelevant to the salient ripeness issue because the order's language does not require the Department of the Interior ("Interior") or the U.S. Forest Service ("Forest Service") to block plaintiff's alleged property right to use its mining claims. Instead, the withdrawal order is specifically subject to "valid existing rights" and thus would

1

require the United States to honor plaintiff's mining claims if it makes a future decision that plaintiff admits has not yet been made: deciding that plaintiff's unpatented mining claims constitute valid existing rights.  77 Fed. Reg. 2563-01 (Jan. 18, 2012).

In the exchange of briefs and declarations, it is now undisputed that plaintiff has not yet initiated the administrative procedures under the withdrawal order that would be necessary for the United States to determine if plaintiff has valid existing rights.  Therefore, plaintiff's taking claims are not ripe for two reasons.  First, the submission of a plan of operations, related mineral examination, and other administrative processes that would be necessary here to determine if plaintiff's unpatented mining claims were valid under the Mining Law of 1872 have not yet been conducted.  In the complaint filed in this Court ("CFC complaint"), plaintiff admits that its alleged property right to use its unpatented mining claims derives from the Mining Law of 1872.  CFC complaint, ¶¶ 10, 61(c); *see also* Response, Declaration of Kris Hefton ("Hefton Decl."), ¶ 7.  The Mining Law does not authorize plaintiff to assert a right to mine on federal lands against the United States unless plaintiff (1) discovers "valuable mineral deposits" and (2) otherwise complies "with the laws of the United States."  30 U.S.C. § 22 (opening federal lands to occupation and purchase "under regulations prescribed by law"); *see also Best v. Humboldt Placer Mining Co.*, 371 U.S. 334, 335 (1963).  Thus, before making a valid existing rights determination, Interior must determine that plaintiff's mining claims comply with these Mining Law requirements, and therefore are valid claims, by conducting a mineral examination.  *See* 43 C.F.R. § 3809.100(a) (Interior lands).

Plaintiff concedes the United States has not yet received the plan of operations nor conducted the mineral examinations necessary to determine if plaintiff's mining claims are valid under the Mining Law.  Response at 5-6.  Nevertheless, plaintiff asserts that its takings claim is

ripe by speculating that, if it submits the plan of operations that would be necessary for it to obtain a mineral examination and valid existing rights determination, the United States would deny any plan. *Id*. at 9-10. Thus, plaintiff speculates that the United States could conclude in these examinations that plaintiff had not met the Mining Law's requirement of a "mineral discovery" and thus had invalid claims because (1) plaintiff had not conducted "exploratory drilling" before the withdrawal order became effective and (2) "it *generally* is not possible to demonstrate mineral discovery without exploratory drilling." *Id*. at 9-10 (emphasis supplied).

This speculation does not address the fundamental ripeness issue here: plaintiff may not assert any right to mine on federal lands against the government unless it complies with the administrative procedures necessary for the United States to make a decision first under the Mining Law that plaintiff has or has not discovered "valuable mineral deposits." 30 U.S.C. § 22. Thus, regardless of whether the United States decides in its future valid existing rights determinations and future mineral examinations that plaintiff's mining claims either are or are not valid under the Mining Law, plaintiff's takings claim is not ripe *now*.

To adjudicate plaintiff's takings claim, this Court must assume that any future mineral examination, any related valid existing rights determination, and any other administrative action that allegedly gave rise to a taking were authorized under federal law. *See Appolo Fuels, Inc. v. United States*, 381 F.3d 1338, 1350-51, 1351 & n.7 (Fed. Cir. 2004), *cert. denied*, 543 U.S. 1188 (2005). Therefore, if the United States ever decides on the basis of future mineral examinations that plaintiff does not have valid mining claims, as plaintiff predicts, then this Court would have to assume that plaintiff has no property rights under the Mining Law against the government. "Without a determination [by Interior] as to the validity of the plaintiffs' unpatented mining claims, those mining claims do not constitute a compensable property interest and, therefore, the

3

plaintiffs [could not] recover in this Court under a taking theory." *Holden v. United States*, 38 Fed. Cl. 732, 736 (1997). Thus, this case is not ripe because plaintiff admits it has not obtained the administrative determinations as to mining claim validity that would be necessary for this Court to adjudicate a threshold takings issue: whether plaintiff's mining claims are compensable property at all. *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1015, 1027-30 (1992).

Finally, even if plaintiff could establish a compensable property right here without a claim validity determination by the United States, which it cannot, its takings claims still would not be ripe. To adjudicate a takings claim, this Court would also have to determine that the United States actually *took* a compensable property interest. *Palazzolo v. Rhode Island*, 533 U.S. 606, 617-18 (2001); *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978); *M & J Coal Co. v. United States*, 47 F.3d. 1148, 1153-54 (Fed. Cir. 1995). Here, it is undisputed that the United States has not yet taken, and may never take, plaintiff's unpatented mining claims because plaintiff has not: submitted a proposed plan of operations for its desired mine that Interior or the U.S. Forest Service ("Forest Service") could then approve or reject; obtained the mineral examination also required by that plan; and obtained a valid existing rights determination on that basis. Therefore, plaintiff's takings claim is not ripe under the Fifth Amendment because the facts and issues necessary to adjudicate it cannot be obtained or addressed "until the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue." *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 191 (1985).

## II.   ARGUMENT

### A.   28 U.S.C. § 1500 PRECLUDES JURISDICTION IN THIS COURT

Plaintiff admits that 28 U.S.C. § 1500 precluded jurisdiction when it filed its complaint in

this Court.  *See* Response at 8-9.  However, plaintiff claims it has now established jurisdiction itself by dismissing its federal district court claim.

Congress enacted 28 U.S.C. § 1500 to "force an election of forum and … prevent simultaneous dual litigation against the government" in district court and this Court.  *UNR Indus.*, 962 F.2d at 1021.  The remedy that plaintiff recommends for its jurisdictional mistake would perpetuate the same litigation conduct that 28 U.S.C. § 1500 was intended to prevent.  It would allow plaintiff to file duplicative lawsuits in this Court and in federal district court and then, after reading "the United States' motion to dismiss" filed in this Court, to forum-shop by choosing this Court over the federal district court.  *Id*. at 8.

Plaintiff's proffered remedy for its 28 U.S.C. § 1500 violation has been rejected by the Federal Circuit.  This Court's jurisdiction "depends upon the state of things **at the time of the action brought**."  *Cent. Pines Land Co.*, 697 F.3d at 1365 (emphasis supplied).  Thus, as soon as a plaintiff filed its claim in this Court while its related federal district court claim was pending, "there is no jurisdiction, period [in the Court of Federal Claims], even if the conflicting claim is no longer pending when a motion to dismiss is brought or considered by [this Court]."  *UNR Indus.*, 962 F.2d at 1021.

Plaintiff consequently may not establish jurisdiction here by withdrawing its federal district court complaint.  Once plaintiff filed a complaint in this Court while its district court claim was pending, this Court's jurisdiction cannot be restored or "rescued by subsequent action of either party or by resolution of the co-pending litigation" because such acts cannot "create jurisdiction where none existed at the time the suit was filed."  *Cent. Pines*, 697 F.3d at 1367; *UNR Indus.*, 962 F.2d at 1020-21.

## B.  THIS COURT ALSO LACKS JURISDICTION BECAUSE PLAINTIFF'S CLAIMS ARE NOT RIPE UNDER THE FIFTH AMENDMENT

Ripeness is a constitutional and jurisdictional doctrine derived from Article III's "case or controversy" clause.[1] *See State Farm Mut. Auto Ins. Co. v. Dole*, 802 F.2d 474, 479 (D.C. Cir. 1986), cert. denied, 480 U.S. 951 (1987).   Where a defendant challenges subject matter jurisdiction under RCFC 12(b)(1) or otherwise, the party commencing the cause of action bears the burden of establishing jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (once jurisdiction is raised, Court presumes that "cause lies outside [our] limited jurisdiction" and that "burden of establishing the contrary rests upon the party asserting jurisdiction"); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

Under this standard, plaintiff's takings claims are not ripe because: (1) lacking the mineral examinations required by Interior's or the Forest Service's future valid existing rights ("VER") determination, if any, plaintiff cannot establish that its mining claims are compensable property interests and (2) lacking a proposed plan of operations for its desired mine, a mineral examination required by that plan, and a related VER decision denying that plan, plaintiff cannot establish that the United States has taken its unpatented mining claims, even if *arguendo* those claims were compensable property.

### 1.  Lacking the Mineral Examinations Required for Interior and Forest Service Lands, Plaintiff Cannot Show that Its Mining Claims are Compensable Property Interests.

Plaintiff concedes that it has neither submitted the plan of operations nor obtained the Interior or Forest Service mineral examinations that would be necessary for it to obtain a VER determination here.  Response at 6-7; Hefton Decl., ¶¶ 11, 13-14, 20; *see also* 43 C.F.R. §

---

[1]Article III, Section 2 of the Constitution extends "the judicial Power" to all "Cases [and] Controversies."

3809.100(a) (prohibiting Interior from approving plan of operations after withdrawal order until it prepares "mineral examination report to determine whether the mining claim was valid before the withdrawal"); United States' Consolidated Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Def. Mem."), Ex. A (Declaration of Rody Cox, ¶¶ 5-6 (mineral examinations for relevant Interior lands) & Ex. B (Declaration of Elizabeth Schuppert, ¶¶ 5, 9 (same for Forest Service lands).

Interior or the Forest Service would conduct the future mineral examinations required by any future plan of operations submitted by plaintiff and then make a future VER decision to determine if plaintiff had discovered a valuable mineral deposit under the Mining Law, pursuant to its mining claims. *See id.* Unless plaintiff has discovered "valuable mineral deposits," its mining claims do not include a property right that may be asserted against the United States. 30 U.S.C. § 22; *Best,* 371 U.S. at 336-37 (unpatented mining claim that does not meet the Mining Law's discovery of a "valuable" mineral requirement and other requirements is "null and void" against the United States); *see also United States v. Locke*, 471 U.S. 84, 86, 89-90, 104-107 (1985) (because United States owns the "underlying fee title to the public domain" on which plaintiff located its mining claims, government retains "broad powers over the terms and conditions upon which the public lands can be used, leased, and acquired"); *Alaska Miners v. Andrus*, 662 F.2d 577, 579-580 (9th Cir. 1981) (unpatented claims do "not limit the rights of the United States as the paramount title holder…[to] *withdraw* or convey the title to land subject to" such claims) (emphasis supplied).

Without citing a statute, case, or other authority, plaintiff asserts in its brief and declaration that the ripeness doctrine does not require Interior or the Forest Service to conduct mineral examinations because plaintiff "believes [its mining claims are derived from] a

'discovery' according to the Mining Act of 1872" and thus has "constitutionally protected property rights" here.   Hefton Decl., ¶ 9; Response at 10.   However, to decide if plaintiff's mining claims are compensable property interests, this Court would have to rely on objective, independent "rules and understandings" and "background principles" derived from state or federal law, not plaintiff's mere beliefs.   *Lucas*, 505 U.S. at 1015, 1027-30; *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564 (1972); *M & J Coal Co.*, 47 F.3d. at 1153-54.

Federal law requires the courts to rely on Interior to determine if mining claims are valid under the Mining Law.   Congress has charged Interior with the responsibility of:

> seeing that [authority under the Mining Law] is rightly exercised to the end that valid claims may be recognized, invalid ones eliminated, and the rights of the public preserved.

*Cameron v. United States*, 252 U.S. 450, 460 (1920) ("*Cameron*").   Applying *Cameron* and referring to Interior's statutory responsibility under the Mining Law, the Supreme Court has described the importance of delegating mining claim validity issues to Interior.

> It is difficult to imagine a more appropriate case for invocation of the jurisdiction of an administrative agency for determination of [claim validity]…Congress has entrusted the Department of the Interior with the management of the public domain and prescribed the process by which claims against the public domain may be perfected.   The United States, which holds legal title to the lands, plainly can prescribe the procedure which any claimant must follow to acquire rights in the public sector.

*Best*, 371 U.S. at 338-39.

Because plaintiff alleges a taking of its unpatented mining claims, this Court must assume that all administrative acts of the United States that gave rise to this alleged taking were authorized under the Mining Law.   *Appolo Fuels, Inc. v. United States*, 381 F.3d 1338, 1351 n.7; *Rith Energy, Inc. v. United States*, 270 F.3d 1347, 1352 (Fed. Cir. 2001), *cert. denied*, 536 U.S. 958 (2002).   Therefore, without the future mineral examinations that would be necessary for

Interior and the Forest Service to determine that plaintiff's mining claims were valid under the Mining Law and thus valid existing rights, these mining claims "do not constitute a compensable property interest" at this time. *Holden,* 38 Fed. Cl. at 736; *see also Hall v. United States*, 84 Fed. Cl. 463, 470-71 (2008).

This Court consequently lacks the facts necessary to adjudicate the "logically antecedent" issue that is common to all takings causes of action: does plaintiff have a compensable property interest at the time of an alleged taking? *Lucas*, 505 U.S. at 1027. Thus, this case is not ripe because the United States cannot complete the administrative processes that would be necessary for this Court to ascertain "the restriction on [plaintiff's] property," if any, until *after* Interior and the Forest Service determine the validity of plaintiff's mining claims under the Mining Law. *Palazzolo*, 533 U.S. at 620-621; *see also Williamson Cnty. Reg'l Planning Comm'n*, 473 U.S. at 191; *Stearns Co. v. United States*, 396 F.3d 1354, 1357-58 (Fed. Cir. 2005).

> **2. Lacking a Proposed Plan of Operations, a Mineral Examination, or a VER Decision, Plaintiff Cannot Establish that the United States Took Its Alleged Property With an Authorized Agency Action.**

Plaintiff either admits or does not dispute that: Interior has not made a VER decision governing its mining claims; Interior and the Forest Service have not yet conducted mineral examinations for those claims; and the United States has not approved or rejected a proposed plan of operations for plaintiff's desired uranium mine because plaintiff has not submitted it. *Compare* Def. Mem., Ex. A, ¶¶ 4-6, 8-9 and Ex. B, ¶¶ 5-10 *with* Response at 9-10. In its opening brief, defendant demonstrated that, because the United States has not completed or commenced these administrative procedures or actions, plaintiff cannot show that the United States took its mining claims with an authorized Interior or Forest Service act. Def. Mem. at 16-18; *see also Appolo Fuels,* 381 F.3d at 1351 n.7.

9

Plaintiff has not rebutted this argument.  Response at 9-11.  Therefore, plaintiff's takings claims are not ripe, and this Court consequently lacks jurisdiction, on a second ground: the United States cannot take plaintiff's mining claims with an authorized agency action unless it completes administrative processes not yet begun.  *Id.*; *see also Palazzolo*, 533 U.S. at 618-19 (takings claim not ripe where court cannot determine "the extent of [the] permitted development" allowed by agency actions); *Williamson Cnty. Reg'l Planning Comm'n*, 473 U.S. at 191, 198-200; *Stearns*, 396 F.3d at 1357-58 (takings claim premised on alleged mining rights not ripe where agency has not yet exercised its administrative authority to grant relief, equivalent to "VER status," that would allow plaintiff to "use the property in question").

### 3. Holding that this Court Lacks Jurisdiction Because Plaintiff's Claims Are Not Yet Ripe Would Advance Judicial Economy Without Occasioning Appreciable Hardship.

Holding that that this Court lacks jurisdiction under *both* 28 U.S.C. § 1500 and constitutional ripeness principles would advance judicial efficiency, conserve judicial resources, and not occasion recognized hardship.[1]  In the event that plaintiff decides to submit a proposed plan of operations in the future and the United States determines on that basis that plaintiff's mining claims constitute VER, plaintiff would not have a takings claim.  Thus, dismissing all of plaintiff's takings and other claims on ripeness grounds now would abate substantial litigation costs for both this Court and the parties that would have been unnecessary.[2]

---

[1] If the Court decides this case under 28 U.S.C. § 1500 only, the accepted remedy would be a simple dismissal of plaintiff's complaint without resolution of the ripeness issues.  *See Cent. Pines Land Co.*, 697 F.3d at 1367.

[2] Plaintiff also raises an equitable estoppel claim, alleging that it relied on federal attestations that the federal lands governed by the withdrawal order would always be "suitable and available for mineral exploration and mining."  CFC complaint, ¶¶ 69-74; Response at 10.  However, the United States has shown that an equitable estoppel claim is not cognizable here.  Def. Mem. at 18 n.6.  Even if that claim were cognizable, it still would not be ripe now because federal law requires the United States to *allow* mining in the withdrawal area if it decides plaintiff has VER.  *See* 77 Fed. Reg. 2563-01.  As shown above, plaintiff has neither requested a VER decision nor submitted the plan of operations that would

Dismissing plaintiff's claims on ripeness grounds would also facilitate and simplify judicial fact-finding by allowing Interior to use its statutory jurisdiction first to determine if plaintiff's mining claims are valid under the Mining Law.  The federal courts generally defer to this statutory and administrative responsibility, and this Court has held that it is definitive in adjudicating takings cases premised on mining claims located under the Mining Law.  *See Best,* 371 U.S. at 338-39; *Cameron,* 252 U.S. at 460; *Holden,* 38 Fed. Cl. at 736.

These judicial cost and fact-finding advantages could be achieved without occasioning appreciable hardship to plaintiff.  Plaintiff complains that, as a result of the withdrawal order, it cannot engage in exploratory drilling to ascertain if it has discovered valuable uranium deposits on federal land unless it also pays the "expensive and time consuming" costs of the mineral examinations necessary to determine if plaintiff's mining claims are valid.  Response, Hefton Decl., ¶ 20.  However, plaintiff admits that, before the withdrawal order, it had decided not to conduct "the necessary drilling and other exploratory activities" that it could have conducted at that time without a mineral examination.  *Id.,* ¶ 14. No federal law or regulation prevented plaintiff from conducting exploratory drilling without a mineral examination before Interior published its 2009 notice of segregation in the Federal Register.

Further, plaintiff must be deemed to have known at all applicable times that the United States had statutory authority to require it to demonstrate the existence of "valuable mineral deposits" because this is an express requirement of the Mining Law of 1872.  30 U.S.C. § 22. Because mining claimants "must take their mineral interests [to mine on federal land] with the knowledge that the Government retains substantial regulatory power over those interests," plaintiff's decision to delay its exploratory drilling plans until after the withdrawal order is the plain consequence of its own volitional acts, not those of the United States. *Locke,* 471 U.S. at

require one.

106.  Similarly, plaintiff complains that, lacking exploratory drilling data, it "*cannot* demonstrate a mineral discovery."  Response at 4 (emphasis supplied).  However, this is not a hardship, but the express requirement of a federal law governing mining on federal lands.  30 U.S.C. § 22. Even more fundamentally, this Court does not have jurisdiction to rectify either the costs or alleged futility of the mineral examinations to which plaintiff refers.  Instead, it must assume that all the administrative actions giving rise to the taking alleged here are valid, as shown above.

If plaintiff really believes that these administrative requirements violated the Mining Law or some other law, it could challenge them in federal district court.  Although plaintiff may think returning to district court would be burdensome, it is not a recognized hardship under the ripeness doctrine. Where plaintiffs allege that the costs of appealing administrative decisions in the future would be unduly expensive, the Supreme Court

> has not considered this kind of litigation cost saving sufficient by itself to justify review in a case that would otherwise be unripe.  The ripeness doctrine reflects a judgment that the disadvantages of a premature review that may prove too abstract or unnecessary ordinarily outweigh the additional costs of – even repetitive – postimplementation litigation.

*Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 732-733, 735 (1998).

Challenging any future plan of operations, related mineral examination, and the other administrative requirements to which plaintiff objects would not create a statute of limitations problem for its takings claim because Interior issued its withdrawal order in 2012.  77 Fed. Reg. 2563-01.  Further, before challenging this order in federal court, plaintiff could also challenge both a future denial of any plan of operations it chooses to submit and any related VER determination by filing an administrative appeal.  Once it became final, this administrative adjudication could later be challenged in federal district court.  *See* 43 C.F.R. §§ 4.452-9,

3809.800 (Interior appeal regulations); 36 C.F.R. § 215 (Forest Service appeal regulations); Def

Mem., Ex. A, ¶¶ 10-11 (Interior) and Ex. B, ¶ 10 (Forest Service).

In sum, dismissing the complaint on constitutional ripeness grounds would have distinct

judicial economy and efficiency advantages without occasioning any recognized hardship to

plaintiff.

## III.   CONCLUSION

For the reasons specified above, this Court should grant the United States' motion to

dismiss for lack of subject matter jurisdiction on two grounds: (1) 28 U.S.C. § 1500 bars

jurisdiction because, when it filed its complaint in this Court, plaintiff had pending claims in

federal district court arising from substantially the same operative facts as the claims filed here

and (2) plaintiff has raised takings and other claims that are not ripe because the facts needed to

adjudicate them will not crystallize until after the United States completes future administrative

proceedings that have not yet begun.

Respectfully submitted this 22nd day of January, 2013.

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

*/s/ Gregory Daniel Page*
GREGORY DANIEL PAGE
U.S. Department of Justice
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-0663
Telephone: (202) 305-0446
Facsimile: (202) 305-0506
Gregory.Page@usdoj.gov

***Attorneys for Federal Defendant***

Dated: 22 January 2013

13

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused the foregoing to be served upon counsel of record through the Court's electronic service system (ECF/CM).

Dated:  22 January 2013

  _/s/ Gregory D. Page_
Counsel for the United States

14