# In the United States Court of Federal Claims

No. 12-646 L
Filed: May 29, 2013

```
*******************************************
                                          *
VANE MINERALS (US), LLC,                   *
                                          *
         Plaintiff,                        *
                                          *
    v.                                     *
                                          *
THE UNITED STATES,                         *
                                          *
         Defendant.                        *
                                          *
*******************************************
```

28 U.S.C. § 1500 (2006);
RCFC 12(b)(1) (motion to dismiss for
   lack of subject matter jurisdiction).

**John C. Lacy,** DeConcini McDonald Yetwin & Lacy, P.C., Tucson, Arizona, Counsel for Plaintiff.

**Gregory D. Page,** United States Department of Justice, Environment & Natural Resources Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER

**Braden,** *Judge*.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY.[1]

VANE Minerals (US), LLC ("Plaintiff"), is a Delaware limited liability company that has title to 678 lode mining claims on an area of federal land, subject to the Northern Arizona Withdrawal ("NAW"), a United States Department of the Interior action that, effective January 21, 2012, withdrew more than a million acres "from location and entry under the Mining Law of 1872, 30 U.S.C. §§ 22-54[.]"  Withdrawal of Public and National Forest System Lands in the Grand Canyon Watershed, Public Land Order No. 7787, 77 FED. REG. 2563-01 (Jan. 9, 2012); Compl. at ¶¶ 5, 10, 11.

On August 15, 2012, the United States District Court for the District of Arizona granted Plaintiff's June 4, 2012 Motion To Intervene in *National Mining Ass'n v. Salazar*, No. 3:12-cv-8038-DGC.  Civil Minutes, *Nat'l Mining Ass'n v. Salazar*, No. 3:12-cv-8038 (D. Ariz. Aug. 15, 2012), ECF No. 74.  On August 20, 2012, the United States District Court for the District of Arizona also granted Plaintiff's June 27, 2012 Motion To Intervene in *Northwest Mining Ass'n v. Salazar*, No. 3:12-cv-8042 and consolidated the case together with three other cases:

---

[1] The facts discussed herein were derived from the September 27, 2012 Complaint ("Compl.").

*National Mining Ass'n*; *Yount v. Salazar*, No. 3:11-cv-8171 (D. Ariz.); and *Quaterra Alaska Inc. v. Salazar*, No. 3:12-cv-8075 (D. Ariz). Consolidation Order, *Nw Mining Ass'n v. Salazar*, No. 3:12-cv-8042 (D. Ariz. Aug. 20, 2012), ECF. No. 61. Both of Plaintiff's Complaints-In-Intervention allege that the NAW violated the National Environmental Policy Act ("NEPA"), the Federal Land Policy and Management Act ("FLPMA"), the Arizona Wilderness Act of 1984 ("AWA"), and regulations adopted thereunder. Complaint-In-Intervention, *Nw Mining Ass'n v. Salazar*, No. 3:12-cv-8042 (D. Ariz. June 27, 2012), ECF. No. 35-1 at ¶¶ 1, 112-46 (citing 42 U.S.C. § 4331 (2006); 43 U.S.C. §§ 1714(c)(2), 1732(b); Pub. L. No. 98-406, 98 Stat. 1485, § 301(a)(3) (1984) (codified as amended at 16 U.S.C. §§ 1131-1132)); Complaint-In-Intervention, *Nat'l Mining Ass'n v. Salazar*, No. 3:12-cv-8038 (D. Ariz. June 4, 2012), ECF. No. 19-1 at ¶¶ 1, 112-46 (same)).

On September 27, 2012, Plaintiff filed a Complaint in the United States Court of Federal Claims, also alleging the NAW violated NEPA, FLPMA, AWA, and regulations adopted thereunder. Compl. at ¶¶ 1-56. In addition, the September 27, 2012 Complaint requested that the court award Plaintiff damages under two theories, inverse condemnation and/or estoppel. Compl. at ¶¶ 57-74.

On November 26, 2012, the Government filed a Motion To Dismiss ("Gov't Mot."), pursuant to RCFC 12(b)(1).

On December 26, 2012, Plaintiff filed a Notice dismissing without prejudice the June 4, 2012 and June 27, 2012 Complaints-In-Intervention in the United States District Court for the District of Arizona. *See Yount v. Salazar*, No. 3:11-cv-8171 (D. Ariz. Dec. 26, 2012), ECF No. 86.

On January 2, 2013, Plaintiff filed a Response ("Pl. Resp.") to the Government's November 26, 2012 Motion To Dismiss. On January 22, 2013, the Government filed a Reply.

## II.   DISCUSSION.

### A.   Standard Of Review For A Motion To Dismiss Pursuant To RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations of the complaint to be true and to draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797.

The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

**B.      Whether 28 U.S.C. § 1500 Divests The United States Court Of Federal Claims Of Jurisdiction As A Result Of Plaintiff's Prior Intervention In Two Related United States District Court Actions.**

The Government argues that 28 U.S.C. § 1500 divests the court of jurisdiction over Plaintiff's claims, because at the time of the filing of the September 27, 2012 Complaint in the United States Court of Federal Claims, Plaintiff was a party to two prior related cases in the United States District Court for the District of Arizona, arising from the same set of operative facts.  Gov't Mot. at 13-16.

Plaintiff concedes that it "cannot prosecute actions in two different courts if the actions arise from the same operative facts, even if (as here) [Plaintiff] is seeking different remedies from each court and the remedies sought in one court are not available in the other court."  Pl. Resp. at 8.  But, Plaintiff asserts that its December 26, 2012 dismissal of pending United States District Court claims in two other actions has removed the jurisdictional impediment.  Pl. Resp. at 9 (citing, without explanation, *Young v. United States*, 60 Fed. Cl. 418 (2004) and *Glick v. United States*, 25 Cl. Ct. 435 (1992)); *see also Yount v. Salazar*, No. 3:11-cv-8171 (D. Ariz. Dec. 26, 2012), ECF No. 86 (notice of dismissal).

Section 1500 states:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500 (2006).

For purposes of 28 U.S.C. § 1500, an action's pendency is determined at the time of the initial filing.  *See Keene Corp. v. United States*, 508 U.S. 200, 209 (1993) (stating that section 1500 "bar[s] jurisdiction over the claim of a plaintiff who, upon filing, has an action pending in any other court 'for or in respect to' the same claim"); *see also Cent. Pines Land Co. v. United States*, 697 F.3d 1360, 1364 (Fed. Cir. 2012) ("[W]e look to the facts as they exist when a plaintiff filed his Claims Court complaint to determine if § 1500 applies."); *Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004) ("The question of whether another claim is pending for purposes of § 1500 is determined at the time at which the suit in the [United States] Court of Federal Claims is filed, not the time at which the Government moves to dismiss the action." (internal quotation marks omitted)).  This precedent abrogated the earlier rule cited in *Glick*, and relied upon by Plaintiff, that dismissal of a United States District Court claim cures a jurisdictional defect, if it occurs before the United States Court of Federal Claims "entertains and acts on a Section 1500 motion to dismiss[.]"  *Glick*, 25 Cl. Ct. at 438.  In this case, because Plaintiff dismissed its United States District Court claims after filing the September 27, 2012 Complaint in the United States Court of Federal Claims, the dismissals occurred too late to cure the jurisdictional impediment under section 1500.

Plaintiff's reliance on *Young* is misplaced. In that case, the dismissal of the United States District Court action against the Government occurred before the filing of the complaint in the United States Court of Federal Claims. *See Young*, 60 Fed. Cl. at 423. After the plaintiffs appealed the United States District Court ruling, they filed a second complaint in the United States Court of Federal Claims. Thereafter, the first complaint in the United States Court of Federal Claims was dismissed. *Id.* Therefore, the United States Court of Federal Claims determined that section 1500 did not deprive it of jurisdiction to adjudicate the claims in the second complaint, even though the United States District Court's ruling was under appeal when that second United States Court of Federal Claims complaint was filed. The court determined that it could construe the second complaint as an "amended" complaint, since an amended complaint does not affect the date of initial filing. *Id.* at 428. In contrast, the complaint in this case was filed after Plaintiff filed two actions in the United States District Court for the District of Arizona.

In *United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723 (2011), the United States Supreme Court held that: "Two suits are for or in respect to the same claim, precluding jurisdiction in the [United States Court of Federal Claims], if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *Id.* at 1731. It is uncontested that the September 27, 2012 Complaint was based on substantially the same operative facts as Plaintiff's actions in the United States District Court for the District of Arizona. Pl. Resp. at 8-9; *Yount v. Salazar*, No. 3:11-cv-8171 (D. Ariz. Dec. 26, 2012), ECF No. 86 (stating that "VANE Minerals' claim in the United States Court of Federal Claims arises from the same operative facts as the claims presented in this action"). As such, both the litigation in the United States District Court for the District of Arizona and the litigation in the case at bar allege that the Government improperly granted the NAW, in violation of NEPA, FLPMA, AWA, and regulations adopted thereunder.

For these reasons, the court does not have jurisdiction to adjudicate the claims alleged in the September 27, 2012 Complaint.

## III.      CONCLUSION.

For these reasons, the Government's November 26, 2012 Motion To Dismiss is granted. Accordingly, the Clerk is directed to dismiss the September 27, 2012 Complaint.

**IT IS SO ORDERED.**

**s/ Susan G. Braden**
**SUSAN G. BRADEN**
**Judge**